UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>K. SEDILLO, et al.,<br><br>        Defendants. | 1:16-cv-01672-LJO-GSA-PC<br><br>ORDER STRIKING AMENDED COMPLAINT LODGED ON FEBRUARY 5, 2018<br>(ECF No. 23.)<br><br>THIRTY DAY DEADLINE TO FILE MOTION TO AMEND |

**I.    BACKGROUND**

      Carlos Burnett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint, filed on November 3, 2016, against defendants Correctional Officer (C/O) G. Meier, C/O R. Reynaga, Sergeant G. Garcia, C/O C. Huckleberry, and C/O Ryan Dyer (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)

      On February 5, 2018, Plaintiff submitted a proposed First Amended Complaint, which was lodged by the court. (ECF No. 23.)

1

## II. RULE 15(a) - LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Defendants filed an Answer to the Complaint on January 22, 2018, Plaintiff requires leave of court or written consent by Defendants to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

Plaintiff lodged the proposed First Amended Complaint without leave to amend or consent by Defendants, and without requesting leave to amend. For this reason, the lodged First Amended Complaint shall be stricken from the record.[1]

Should Plaintiff wish to file a First Amended Complaint he must file a motion to amend, and concurrently lodge the proposed First Amended Complaint. In the motion to amend, Plaintiff must explain how the First Amended Complaint is different from the original Complaint and why he seeks to make changes. For example, if Plaintiff seeks to add or omit defendants or claims, he should describe these changes and explain why he seeks to make the changes. Defendants shall have an opportunity to file a response to the motion, and the court will consider Plaintiff's motion and decide whether to grant leave to amend.

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

## III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's proposed First Amended Complaint, lodged on February 5, 2018, is STRICKEN from the record; and

2. Within thirty days of the date of service of this order, Plaintiff may file a motion to amend as instructed by this order, if he so wishes; and

3. If Plaintiff fails to file a motion to amend within thirty days, this case shall proceed on the original Complaint.

IT IS SO ORDERED.

Dated: **February 11, 2018**          **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE