UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT, | 1:16-cv-01672-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (ECF No. 26.) |
| K. SEDILLO, et al., | |
| Defendants. | |

Carlos Burnett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 7, 2016, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 26.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is unable to afford counsel and has limited knowledge of the law. This alone does not make Plaintiff's case exceptional. While the Court has found that "Plaintiff states cognizable claims for use of excessive force," this finding is not a determination that Plaintiff is likely to succeed on the merits, and at this juncture the court cannot find that Plaintiff is likely to succeed. (ECF No. 12 at 11:22.) Plaintiff's excessive force claims do not appear complex, and based on a review of the record in this case, it appears that Plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 16, 2018**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE