UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Plaintiff,<br><br>   vs.<br><br>K. SEDILLO, et al.,<br><br>        Defendants. | 1:16-cv-01672-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DYER'S MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br>**(ECF No. 37.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I.      BACKGROUND

Carlos Burnett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds with Plaintiff's original Complaint filed on November 3, 2016, against defendants Meier, Reynaga, Huckleberry, Garcia, and Dyer, for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

On August 15, 2018, defendant Dyer filed a motion for summary judgment.  (ECF No. 37.  On October 1, 2018, Plaintiff filed a statement of non-opposition to the motion.  (ECF No. 44.)

## II.     MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving "party shows that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law."

---

[1] On October 30, 2017, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (ECF No. 15.)  Plaintiff's claims for violation of due process, failure to protect him, and retaliation were dismissed from this action; and defendants Sedillo, Davidson, and Nuckles were dismissed from this action.  (Id.)

Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"It is the practice of courts in the Eastern District of California to grant summary judgment to the moving party if the non-moving party files an affirmative statement of non-opposition. See, e.g., Estate of Byrd v. Teater, No. 1:06–cv–00900–OWW–GSA, 2008 WL 4104309, at *1 (E.D. Cal. Sep.2, 2008); Infa–Lab, Inc. v. KDS Nail Int'l, No. 2:07–cv–01270–WBS–EFB, 2009 WL 161197, at *1 (E.D. Cal. Jan.22, 2009); Ransom v. Johnson, No. 1:05–cv–00086–OWW–GSA, 2010 WL 1791128, at *1 (E.D. Cal. May 3, 2010); Quock v. Staples, Inc., No. 2:10–cv–00199–GEB–JFM, 2011 WL 2198694, at *1,3 (E.D. Cal. Jun.6, 2011); and Hunter v. Youngblood, No. 1:07–cv–01126–AWI–SKO, 2014 WL 1255909, at *1 (E.D. Cal. Mar.25, 2014)." Thorns v. Shannon, No. 2:11-CV-01826 MCE, 2015 WL 1916476, at *9 (E.D. Cal. Apr. 27, 2015). "See also Keen v. Am. Home Mortg. Servicing, Inc., No. 2:09–cv–001026–FCD–KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb.10, 2010) (treating plaintiff's filing of a statement of non-opposition to a motion to dismiss as a voluntary dismissal under Fed. R. Civ. P. 41(a))." Id.

## III.    DISCUSSION

Defendant Dyer's motion for summary judgment is made on the basis that the undisputed evidence shows that Plaintiff cannot establish that defendant Dyer subjected him to excessive force in violation of the Eighth Amendment and in fact, it is undisputed that defendant Dyer did not subject Plaintiff to any force. Defendant Dyer has submitted admissible evidence demonstrating that Plaintiff testified at his deposition that it was actually Lieutenant Nuckles, not Officer Dyer, who picked him up and slammed him to the ground, and that defendant Dyer did not subject Plaintiff to any force. (Declaration of Joseph R. Wheeler, ECF No. Exh. A, Plaintiff's Depo. 53:18-23, 54:1-4, pp. 56-60. 61:19-25, 62:1-3.)

Plaintiff's statement of non-opposition states in its entirety, "Plaintiff choose[s] to file a non-opposition to Defendant Dyer's motion for summary judgment." (ECF No. 44 at 1.)

Based on defendant Dyer's motion and Plaintiff's statement of non-opposition, defendant Dyer's motion for summary judgment should be granted as to Plaintiff's excessive force claim against him, and defendant Dyer should be dismissed from this action.

## IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1.   Defendant Dyer's motion for summary judgment, filed on August 15, 2018, be GRANTED;

2.   Summary judgment be GRANTED in favor of defendant Dyer on Plaintiff's claim for use of excessive force against him;

3.   Defendant Dyer be DISMISSED from this action;

4.   This action proceed against defendants Meier, Reynaga, Huckleberry, and Garcia, for use of excessive force in violation of the Eighth Amendment; and

5.   This case be referred back to the Magistrate Judge for further proceedings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** of the date of service of these Findings and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**October 3, 2018**__            _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE