UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT, | 1:16-cv-01672-LJO-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL AND FOR SANCTIONS** |
| vs. | **(ECF No. 30.)** |
| K. SEDILLO, et al., | |
| Defendants. | |

## I. BACKGROUND

Carlos Burnett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's original Complaint filed on November 3, 2016, against defendants Meier, Reynaga, Huckleberry, Garcia, and Dyer ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

On January 23, 2018, the court issued a Discovery and Scheduling Order establishing a deadline of June 23, 2018, for the parties to complete discovery, including the filing of motions

---

[1] On October 30, 2017, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 15.) Plaintiff's claims for violation of due process, failure to protect, and retaliation were dismissed from this action; and defendants Sedillo, Davidson, and Nuckles were dismissed from this action. (Id.)

to compel, and a deadline of August 24, 2018 for the parties to file dispositive motions. (ECF No. 22.) The deadlines are now expired.

On March 27, 2018, Plaintiff filed a motion to compel production of documents and for sanctions. (ECF No. 30.) On April 24, 2017, Defendants filed an opposition to the motion. (ECF No. 34.) Plaintiff did not file a reply. Plaintiff's motion to compel is now before the court. Local Rule 230(l).

## II. MOTION TO COMPEL

### A. Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

(6th Cir.1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

**B**.     **Parties' Arguments**

Plaintiff requests an order under Rule 37(a) compelling Defendants to "produce for inspection and copying the following documents: Official Information." (ECF No. 30 at 1:17-18.) Plaintiff asserts that he made a written request under Rule 34 for these documents on January 31, 2018, but has not received the documents. Plaintiff also requests an order under Rule

37(a)(4), requiring Defendants to pay sanctions to Plaintiff for reasonable expenses in obtaining the order.

In opposition, Defendants argue that Plaintiff has not established that Defendants have failed to properly respond to any request for production, that Plaintiff's motion is not supported by the discovery requests at issue, nor that any of the responses by Defendants are improper. Further, Defendants assert that they have produced all documents that they indicated would be produced in response to Plaintiff's request for production. Defense counsel has submitted a declaration attesting that "[o]n February 2, 2018, Plaintiff served his request for production of documents, set no. one, on Defendants Meier, Garcia, Huckleberry, and Dyer." (Decl. of Joseph R. Wheeler, ECF No. 34-1 ¶2.) On March 7, 2018, defense counsel's assistant served . . . Defendants' responses to Plaintiff's request for production. (Id. ¶3.) In their responses, Defendants indicated that they would produce the following documents:

(a) the Crime/Incident Reports related to the subject incidents: Log Nos. KVSP-FB5-15-02-0057 (related to the alleged February 25, 2015 incident);

(b) sections 3268 through 3281 of Title 15 of the California Code of Regulations in effect in February 2015; and

(c) sections 51020.1 through 51020.24 of the Department Operations Manual in effect in February 2015. (Id. ¶3.)

Defendants assert that all of these documents identified were produced to Plaintiff along with Defendants' responses to Plaintiff's requests for production on March 7, 2018. (Id. ¶3.) Defendants have attached as Exhibit "A" true and correct copies of all documents that were produced to Plaintiff on March 7, 2018. (Id., Exh. A.)

**C.  Discussion**

Plaintiff has not met his burden of informing the court why each disputed response to his Request for Production of Documents, Set One, is deficient. Plaintiff has not submitted copies of his Request for Production of Documents, or copies of Defendants responses. Instead, Plaintiff attached a copy of Plaintiff's Request for Admissions without any indication why the Request for Admissions was submitted.

4

Defendants have submitted seventy-two pages of documents which were purportedly served on Plaintiff in response to his Request for Production of Documents. However, without a copy of Plaintiff's Request for Production the court has no basis upon which to judge whether Plaintiff is entitled to compel documents from Defendants. Therefore, Plaintiff's motion to compel must be denied.

### III. MOTION FOR SANCTIONS

Plaintiff requests the imposition of monetary sanctions upon Defendants, as reimbursement for Plaintiff's expenses in obtaining this order.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Plaintiff's motion to compel shall be denied by this order. Therefore, the motion for sanctions shall also be denied.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's first motion to compel and for sanctions, filed on March 27, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **October 10, 2018**          **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE