UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Plaintiff,<br><br>   vs.<br><br>K. SEDILLO, et al.,<br><br>        Defendants. | 1:16-cv-01672-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**<br>**(ECF No. 35.)** |

## I.    BACKGROUND

Carlos Burnett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's original Complaint filed on November 3, 2016, against defendants Meier, Reynaga, Huckleberry, Garcia, and Dyer ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

On January 23, 2018, the court issued a Discovery and Scheduling Order establishing a discovery deadline of June 23, 2018, and a dispositive motion filing deadline of August 24, 2018. (ECF No. 22.) The deadlines have now expired.

---

[1] On October 30, 2017, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 15.) Plaintiff's claims for violation of due process, failure to protect him, and retaliation were dismissed from this action; and defendants Sedillo, Davidson, and Nuckles were dismissed from this action. (Id.)

1

On June 28, 2018, Plaintiff filed a motion to compel. (ECF No. 35.) On July 17, 2018, Defendants filed an opposition to the motion. (ECF No. 36.) Plaintiff has not filed a reply. Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

## II. MOTION TO COMPEL

### A. Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

///

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

2

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

**B**. **Parties' Arguments**

Plaintiff requests a court order compelling Defendants to produce the transcript of Plaintiff's deposition, pursuant to Rule 34. Plaintiff states that he submitted a written request to Defendants but has not yet received the documents.

In opposition, Defendants argue that it is well settled that a defendant is not required to provide a plaintiff with a copy of his deposition transcript, and Plaintiff can obtain a copy directly from the court reporter. Defendants assert that because a deposition transcript is technically the work product of the court reporter, Defendants *cannot* provide a copy of the deposition transcript

to Plaintiff without the express permission of the reporter, and the court reporter is not required to provide a copy of the transcript without compensation.

### C. Discussion

Defendants' arguments have merit. Defendants cite cases that support their argument that they are not required, and in fact cannot provide Plaintiff with a copy of his deposition transcript. Woodson v. Sahota, No. 2:11-cv-1589 MCE KJN, 2016 WL 758722, at *2, 3 (E.D. Cal. 2016); Boston v. Garcia, No. 2:10-1782 KJM DAD, 2013 WL 1165062, at *2 (E.D. Cal. 2013) (denying the plaintiff's request that the court order the defendants to provide him with a copy of his deposition transcript); Whittenberg v. Roll, No. CIV S-04-2313 FCD JFM P, 2006 WL 65738, at *5 (E.D. Cal. 2006) (denying the plaintiff's motion to compel the defendant to provide him with a copy of the deposition transcript free of charge); see Brown v. Castillo, No. CV-F-026018 AWI DLB, 2006 WL 1408452, at *1 (E.D. Cal. 2006) (recognizing that neither the defendant nor the court can provide a copy of the transcript to the plaintiff without the authorization of the court reporter); accord Clairborne v. Battery, No. CIV S-06-2919 FCD EFB, 2009 WL 530352 at *3 (E.D. Cal. 2009); see also Fed. R. Civ. P 30(f)(3) ("When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party of the deponent.")

Accordingly, Plaintiff's second motion to compel shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's second motion to compel, filed on June 28, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **October 10, 2018**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE