# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIRO BURNETT,<br><br>        **Plaintiff,**<br><br>v.<br><br>G. MEIER, et al.,<br><br>        **Defendants.** | 1:16-cv-01672-LJO-GSA-PC<br><br>**MEMORANDUM DECISION AND ORDER RE MOTIONS IN LIMINE (ECF NO. 69)** |

This case is set for trial July 16, 2019, on Plaintiff's Eighth Amendment claim that four Defendants used excessive force against him on two occasions on February 2, 2015. Before the Court for consideration are four defense Motions in Limine, filed May 17, 2019. ECF No. 19. According to the pretrial order, ECF No. 64, any opposition was due June 3, 2019. No opposition was filed. Accordingly, the Court rules on the motions as follows.

The first motion in limine requests that the Court preclude evidence regarding claims or events concerning Defendants that have been dismissed and/or are not relevant to the remaining claims. This is basic trial practice. The motion is GRANTED.

The second motion in limine requests that Plaintiff be precluded from offering certain types of testimony as to the nature and extent of his injuries. Specifically, Defendants request that Plaintiff be precluded from offering opinions about the cause, diagnosis (i.e., medical nature of any injuries or ailments), or prognosis (i.e., the likely future course of any ailments or injuries). "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based

on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Plaintiff's testimony is subject to this rule. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. *See Gilmore v. Lockard*, No. 1:12-CV-00925 SAB PC, 2017 WL 615155, at *2 (E.D. Cal. Feb. 14, 2017). He may also testify as to how he believes his injuries were caused. *See Sienze v. Kutz*, No. 1:17-CV-0736 AWI SAB, 2019 WL 1332184, at *3 (E.D. Cal. Mar. 25, 2019). The motion to preclude any testimony that goes beyond that permitted from a lay witness is GRANTED.

Relatedly, Defendants request that Plaintiff be precluded from offering any testimony regarding his medical records on the ground that introducing medical records without expert testimony will leave the jury to interpret the records on their own and decipher their meaning. This, Defendants argue, makes it likely the jury will render conclusions based upon the medical records that are unfounded, thereby prejudicing Defendants. As to Plaintiff's medical records, information regarding medical opinions contained within medical records may not be admitted without a testifying medical professional.

The third motion in limine seeks to exclude evidence that any other Defendant is a party to any other lawsuit or was involved in other incidents alleging misconduct. Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to prove "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." To the extent Plaintiff plans to offer any such evidence, it would only be admissible if it was offered to demonstrate "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," and then only if the value of the evidence substantially outweighs any danger of unfair prejudice. *See* Fed. R. Evid. 403. The Court cannot rule on this issue in the abstract. If Plaintiff plans to offer any such evidence, he must inform the Court he intends to do so outside the presence of

the jury on the first morning of trial so the Court may consider the circumstances and rule on the admissibility of that evidence.

Finally, Defendants move to preclude evidence that the State of California may pay the judgment or reimburse the Defendants in the event a judgment is entered against them. The Court agrees. The State of California is required to indemnify its employees, at their request, in litigation arising from the course and scope of the employment. Cal. Gov't Code § 835. However, the evidence of this indemnity provision is irrelevant to the questions presented at trial. It does not provide any information as to what happened during the incident at issue, nor does it address the proper measure of damages. *See, e.g., King v. Deathriage*, No. 1:14-CV-00111 SAB (PC), 2017 WL 1968334, at *4 (E.D. Cal. May 12, 2017). This motion in limine is GRANTED.

IT IS SO ORDERED.

Dated: **June 27, 2019**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE