UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Plaintiff,<br><br>   vs.<br><br>C/O G. MEIER,<br><br>C/O R. REYNAGA,<br><br>C/O C. HUCKLEBERRY, AND<br><br>SERGEANT G. GARCIA,<br><br>        Defendants. | 1:16-cv-01672-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO MODIFY THE PRETRIAL ORDER (ECF No. 83)** |

I.    **BACKGROUND**

     Carlos Burnett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's original Complaint filed on November 3, 2016, against defendants Correctional Officer (C/O) G. Meier, C/O R. Reynaga, C/O C. Huckleberry, and Sergeant G. Garcia ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.)

---

    [1] On November 5, 2018, the Court granted defendant Dyer's motion for summary judgment and entered judgment in favor of defendant Dyer. (ECF No. 50.) No other motions are pending.

1

This case is scheduled for jury trial to commence on July 16, 2019, at 8:30 a.m. before the Honorable Lawrence J. O'Neill.

On May 3, 2019, the court issued a pretrial order under Federal Rule of Civil Procedure 16(e) that identified all the witnesses and trial exhibits that the parties would be permitted to call to testify, or introduce into evidence at trial. (ECF No. 64.) The court's pretrial order indicates that Plaintiff's only witness is Plaintiff himself. (Id. at 10:4-5).

The pretrial order contained the following provision regarding its modification:

> Any party may, within ten (10) calendar days after the date of service of this Order, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions, or deletions.

(ECF No. 64 at 16 ¶ XXV.) Pursuant to Federal Rule of Civil Procedure 16, the final pretrial order shall control the subsequent course of this action and will not be modified except according to its terms, or to prevent manifest injustice. Fed R. Civ. P. 16(e). Neither party objected to the pretrial order.

On June 26, 2019, Plaintiff filed a document titled "Injunction," which the court construes as a request to modify the court's pretrial order to add 9 new witnesses: (1) Gary Meier; (2) Ruben Reynaga; (3) Chad Huckleberry; (4) Gabriel Garcia; (5) Kristyn Sedillo; (6) Rhonda Davidson; (7) Ryan Dyer; (8) Onifimo Rufino; and (9) Chris Lesniak. (ECF No. 83.)

## II. MANIFEST INJUSTICE

Once a district court has issued a final pretrial order, modifications are permitted "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). "The purpose of [the final pretrial] order is to guide the course of the litigation," and "[o]nce formulated, [it] should not be changed lightly[.]" Id. at advisory committee's note (citing Clark v. Pa. R.R. Co., 328 F.2d 591 (2d Cir. 1964)). The Ninth Circuit has stressed the crucial role played by pretrial orders "in implementing the purposes of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action.'" United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) (quoting Fed. R. Civ. P. 1). District courts have "broad discretion to manage

discovery and to control the course of litigation under [Rule] 16." <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011).

The Ninth Circuit has outlined four factors district courts should consider when determining whether to modify the final pretrial order: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly, efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. <u>Byrd v. Guess</u>, 137 F.3d 1126, 1132 (9th Cir. 1981). The moving party must demonstrate that considering these factors, manifest injustice would result if the order is not modified. <u>Id.</u> That has not been demonstrated here. Plaintiff has not given any explanation why these 9 witnesses are necessary or why "manifest justice" will result if the pretrial order is not modified, nor has Plaintiff offered any justification for allowing the addition of witnesses on the eve of trial. Therefore, Plaintiff's request shall be denied.

Plaintiff is, however, not precluded from cross-examining any of these 9 witnesses who may be called at trial by Defendants after defense counsel has completed direct examination of each witness because the 9 witnesses on Plaintiff's list are also listed on Defendants' list of witnesses in the pretrial order. Fed. R. Evid. 611(b).

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's request to modify the court's pretrial order to add 9 witnesses is DENIED;

2.    Nonetheless, Plaintiff is not precluded from cross-examining any of these 9 witnesses who may be called at trial by Defendants.

IT IS SO ORDERED.

Dated:   __July 3, 2019__        _____ **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE